813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
French LAYMAN, Petitioner,
v.
CANNELTON INDUSTRIES, INC., Respondent,
and
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Party-in-Interest.
 No. 86-3513.
 United States Court of Appeals, Fourth Circuit.
 Argued July 14, 1986.
Decided Oct. 23, 1986.
 
 Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 Sunya Anderson for petitioner.
 Laura E. Beverage (Jackson, Kelly, Holt & O'Farrell on brief) for respondent.
 PER CURIAM:
 
 
 1
 French Layman ("Layman"), petitioner, appeals from denial of Black Lung benefits. The sole issues for review are whether the Administrative Law Judge ("ALJ") properly found that the interim presumption of disability was overcome and whether Layman was entitled to benefits.
 
 
 2
 Layman, a 62 year old former coal miner who worked 23 years in the coal mines, all underground, stopped working in 1975. Layman's employment as a miner included shoveling and transferring coal and setting up timbers as braces. Before retirement Layman missed work because of shortness of breath and had a variety of physical problems, including diabetes, poor eyesight, lower back problems and high blood pressure, and obesity. For 30-35 years he smoked one package of cigarettes a week.
 
 
 3
 At present Layman spends his time at home, doing a little housework. He is no longer able to work on his car or mow the lawn. If he rests, he can walk about a block. He coughs up dark mucus and sometimes takes oxygen, although it is not prescribed.
 
 
 4
 Layman originally applied for Black Lung benefits in 1974. The Director, Office of Workers' Compensation Programs found him eligible for benefits, but Cannelton Industries, his employer (respondent herein) controverted liability. An ALJ held a hearing and on June 30, 1981 issued a decision and order, denying benefits. After reviewing the medical evidence, the ALJ found that because of the length of Layman's exposure to coal dust as a miner, he was entitled to the interim presumption, i.e., because he met one of the medical requirements under the Black Lung Act, 30 U.S.C. Sec. 901-45 and the regulations under 20 C.F.R. Sec. 727.203, he is presumed to be totally disabled due to pneumoconiosis. The ALJ based the finding on the fact that two chest x-rays "definitely establish[ed] the existence of pneumoconiosis."
 
 
 5
 Additional evidence, including three of four pulmonary studies, also indicated values entitling Layman to the interim presumption. Layman's blood gas studies, however, did not come within the presumptive standard. Reviewing the other medical evidence[1] the ALJ concluded from "the x-ray evidence, the results of ventilatory, blood gas and other oxygen saturation tests, the pattern of the symptoms, the medical opinions in evidence, the testimony of the lay witnesses, and the age, education, and experience of Claimant ... that Claimant is not totally disabled by pneumoconiosis arising out of coal mine employment. Therefore, he is not entitled to benefits."
 
 
 6
 The Benefits Review Board reversed and remanded on June 10, 1983. The Board examined the medical opinions and noted that Dr. Pushkin's report of July 20, 1979 had also indicated "diabetes, obesity, hypertension, and pneumoconiosis 'minimal in degree' which arose from the claimant's coal mine work." The Board laid emphasis on Dr. Pushkin's conclusion that "[i]t is doubtful that he [Layman] could engage in regular coal mining work or work requiring similar effort, primarily because of obesity, hypertensive vascular disease, and abnormal electrocardiogram. It is doubtful that his minimal degree of coal workers' pneumoconiosis would render him disabled." (Emphasis supplied). On the basis of its review of the evidence, the Board found that it was error for the ALJ not to "consider Dr. Pushkin's qualification of his conclusion that claimant was not disabled from coal mine employment." The Board vacated the ALJ's finding for reconsideration of Dr. Pushkin's report.
 
 
 7
 On remand the ALJ affirmed his prior decision and denied benefits. In a decision dated July 21, 1983 the ALJ stated that Dr. Pushkin's report was
 
 
 8
 a well-reasoned and documented report. According to the American Medical Directory, 28th Edition, Dr. Pushkin is board certified in internal medicine. Dr. Pushkin's statement that the degree of pneumoconiosis is minimal and that this is a very close case causes the conclusion that he attributes no impairment to that condition notwithstanding his use of the word "doubtful" in discussing disability. The totality of the report makes it apparent that Dr. Pushkin is of the opinion that Claimant is disabled from coal mine employment due to obesity, hypertensive vascular disease and an abnormal electrocardiogram but not due to pneumoconiosis.
 
 
 9
 The Benefits Review Board, in a decision and order dated December 11, 1985, affirmed the ALJ's decision on remand. The Board found the ALJ had fully explained his original finding of rebuttal on the basis of Dr. Pushkin's July 20, 1979 report which it had now considered in greater detail.
 
 
 10
 In the instant appeal, Layman argues that (1) the Board's decision was not supported by substantial evidence because the Board did not consider the contribution of Layman's pneumoconiosis to his overall disability, which was partially caused by various other ailments, in rebutting the 20 C.F.R. Sec. 727.203(b)(2) presumption; (2) that the Board improperly found rebuttal of the 20 C.F.R. Sec. 727.203(b)(3 ) presumption; and that (3) there was no substantial evidence to support rebuttal even under the Board's view of 20 C.F.R. Sec. 727.203(b)(2).
 
 
 11
 Our role on appeal is limited. We consider only whether the Board's decision denying benefits to Layman is supported by substantial evidence. Here, the relevant regulation, 20 C.F.R. Sec. 727.203(b)(2) states that
 
 
 12
 In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if ...
 
 
 13
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 14
 Layman argues that the Board's approach to rebuttal under (b)(2) is contrary to law. However Layman misconstrues the nature of rebuttal under (b)(2). Under this section, the Board examines whether a miner has a pulmonary or respiratory disablement and determines whether the employer has shown whether such an impairment is either nonexistent or not totally disabling. Rebuttal under (b)(2) differs from that under (b)(3) because the latter comes into play only when "[t]he evidence establishes that the death of the miner did not arise in whole or in part out of coal mine employment." Thus rebuttal under (b)(3) is relevant only when it is determined that a claimant is totally disabled by a pulmonary or respiratory disease. In other words, inquiry under (b)(3) is directed only to the cause of a claimant's respiratory disease, whereas inquiry under (b)(2) is directed to the degree of disablement.
 
 
 15
 Layman contends that the Board's approach was faulty because it ignored his non-respiratory ailments in determining whether he was disabled. However, as the Board determined in Skaggs v. Cannelton Industries, Inc., 3 BLR 1-434, 1-437 (1981), "[i]f the evidence establishes that claimant suffers no respiratory or pulmonary impairment, the interim presumption is rebutted under Sec. 727.203(b)(2), no matter what disabling non-respiratory maladies claimant may have."
 
 
 16
 Layman argues that both his respiratory and his "disabling non-respiratory maladies" should be taken into account in a determination of whether he is disabled. Thus, the (b)(3) presumption would be activated and the respondent would have to meet a greater burden in overcoming presumption of disability. However, the approach suggested by Layman is not proper under the system of presumptions established by the Black Lung Act. As is shown by the medical evidence, Layman's respiratory ailments are not, in themselves, totally disabling. Layman's disability comes from other sources, such as diabetes, obesity and hypertension, which are not compensable under the Act.
 
 
 17
 Although we have recently stated in Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 124 (4th Cir.1984) that "[t]he reality of coal mine employment is such that many physical and environmental factors may converge to produce a totally disabling respiratory or pulmonary impairment," Massey concerned (b)(3) rebuttal, i.e. the situation where a claimant has shown he has a "totally disabling respiratory or pulmonary impairment." Layman's disability is not due to such a "respiratory or pulmonary" impairment, but rather to other sources, which, we repeat, do not give rise to compensation under the Act.
 
 
 18
 Given that the Board relied on medical evidence which indicated that Layman had a "minimal degree of pneumoconiosis" evidence which showed that his disability was due to non-pulmonary and non-respiratory causes, we find that its decision is supported by substantial evidence and is therefore
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Dr. Duffield's report of September 10, 1975 makes no mention of pneumoconiosis, but gives a diagnosis of arterioscleriotic heart disease, angina pectoris, hypertension, obesity, possible gastric ulcer or hiatal hernia
 
 
 [2]
 Dr. Pushkin's report of August 30, 1976 which is a report of Physical Examination for Black Lung Claim, gives a diagnosis of essential hypertension, asthmatic bronchitis, pulmonary emphysema, pneumoconiosis. In response to a question asking "What is your medical assessment of the severity of impairment," Dr. Pushkin responds "insufficient impairment."
 
 
 [3]
 Dr. Pushkin's report of July 20, 1979: "It is doubtful that his [Layman's] minimal degree of pneumoconiosis would render him disabled."